[Cite as *State v. Hill*, 2026-Ohio-2686.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

STATE OF OHIO,

     Plaintiff - Appellee

-vs-

MICHAEL HILL,

     Defendant - Appellant

Case No. CT2026-0005
        CT2026-0006

Opinion And Judgment Entry

Appeal from the Muskingum County Court of Common Pleas, Case Nos. CR2025-0561 and CR2026-0641

Judgment:  Affirmed

Date of Judgment Entry: July 13, 2026

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Baldwin, J.*

{¶1}   Appellant Michael Hill appeals his sentence following his plea of guilty to charges of Domestic Violence, Abduction, and Intimidation. Appellee is the State of Ohio. For the reasons that follow, we affirm the decision of the trial court.

## STATEMENT OF FACTS AND THE CASE

{¶2}   The appellant was indicted on September 3, 2025, in Case No. CR2025-0561 on one count of Domestic Violence in violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree; and, one count of Abduction in violation of R.C. 2905.02(A)(2) and (C), a felony of the third degree. The indictment alleged further that the appellant had previously pleaded guilty to or been convicted of two offenses of domestic violence. The appellant

pleaded not guilty to the charges at his September 10, 2025, arraignment, and the matter was scheduled for trial.

{¶3} On October 8, 2025, the appellant was indicted in Case No. CR2025-0641 on nine counts of Intimidation in violation of R.C. 2921.03(A) and (B) in connection with nine separate telephone calls or statements made either to intermediaries to pass messages on to his Domestic Violence victim, or messages actually overheard by the victim, threatening the victim if she continued to pursue the Domestic Violence and Abduction charges against the appellant. All nine Intimidation charges were designated as felonies of the third degree. The appellant pleaded not guilty to said charges at an October 15, 2025, arraignment, and the cases were subsequently consolidated. The appellant was on post-release control on an unrelated Morgan County matter at the time the alleged Domestic Violence, Abduction, and Intimidation offenses were committed.

{¶4} The parties thereafter entered into a plea agreement, the matter was scheduled for a change of plea hearing on November 17, 2025, and Plea of Guilty forms were filed. The Plea of Guilty form relating to the Domestic Violence and Abduction charges set forth a minimum prison term of 12, 18, 24, 30, 36, 42, 48, 54, or 60 months on the Domestic Violence charge (with two or more priors), and a minimum prison term of 9, 12, 18, 24, 30, or 36 months on the Abduction charge. The Plea of Guilty form relating to the Intimidation charges set forth a minimum prison term of 9, 12, 18, 24, 30, or 36 months for each of the nine Intimidation charges. The Plea of Guilty forms were signed by the appellant and his counsel, as well as the appellee. The change of plea hearing proceeded as scheduled, at which time the trial court engaged in the requisite Crim.R. 11 colloquy, accepted the appellant's pleas of guilty to all charges, and ordered a presentence investigation ("PSI".)

**{¶5}** The sentencing hearing proceeded on January 5, 2026, and began with the appellee's summary of the charges against the appellant. The victim, who had submitted a written impact statement, made an impact statement during the hearing. The victim stated that she and the appellant were a couple who were cohabiting at the time of the offenses. The appellant became verbally abusive towards the victim in the presence of her young daughter. The victim attempted to leave the residence with her young daughter in her arms; the appellant blocked the door and prevented her from doing so. As the victim attempted to call for help with her child in her arms, the appellant shoved her into a chair causing her to fall to the ground and suffer injuries. Law enforcement was en route. The appellant, in an attempt to dissuade the victim from reporting the incident to law enforcement and/or pressing charges, attempted to harm himself. The appellant was nevertheless arrested. The victim stated that the appellant then threatened her from jail, conveying to her that he would have his relative "kick her out of the home" and call Child Protective Services to report her as homeless in an effort to have her daughter removed. The victim stated that the appellant also threatened to have his friend and/or sister hurt the victim, and threatened to kill the victim's closest family. The victim stated that she was unable to sleep, had "PTSD nightmares," and was constantly afraid that the appellant's friends or family would hurt her.

**{¶6}** The trial court summarized the appellant's threats against the victim as follows: the appellant threatened to "report her to children services if she doesn't give [the appellant] money;" "[i]f my aunt dies while I'm in prison, you'll never see your daughter again, I promise you that;" "[i]f I ever get out of prison, I'm killing you;" and, "I put that on my mom's grave." The appellant conceded during the sentencing hearing that he did in fact make said threats to the victim.

{¶7} In addition, the trial court summarized the appellant's PSI report, noting his repeated failed attempts to get drug treatment and his past crimes, including escape, vandalism, community control revocation, and at least two prior domestic violence charges. The trial court also noted that the appellant was on post-conviction release at the time he committed the crimes for which he was being sentenced. Finally, the trial court noted that the appellant pled guilty to all charges, accepted responsibility for his actions, and expressed remorse for his actions.

{¶8} The trial court sentenced the appellant to 24 months on the Domestic Violence charge and 24 months on the Abduction charge, and ordered that they be served concurrently for an aggregate prison term of 24 months.

{¶9} The trial court separately discussed in detail all nine Intimidation charges, and the threats associated with each one. It then broke the nine charges into groups of three and imposed a separate sentence for each. On Counts 1, 2, and 3, the trial court sentenced the appellant to 36 months on Count 1, 30 months on Count 2, and 24 months on Count 3, to be served concurrently for an aggregate prison term of 36 months. On Counts 4, 5, and 6, the court sentenced the appellant to 36 months on Count 4, 36 months on Count 5, and 36 months on Count 6, to be served concurrently for an aggregate prison term of 36 months. On Counts 7, 8, and 9, the court sentenced the appellant to 36 months on Count 7, 24 months on Count 8, and 36 months on Count 9, to be served concurrently for an aggregate prison term of 36 months. The court ordered that the sentence for Counts 1, 2, and 3 be served consecutively to the sentence for Counts 4, 5, and 6, and ordered both be served consecutively to the sentence for Counts 7, 8, and 9, for an aggregate prison term of 108 months on the Intimidation charges.

{¶10} The court further ordered that the sentences for the Intimidation charges be served consecutively to the sentence for the Domestic Violence and Abduction charges, for a total aggregate prison sentence of 132 months. Finally, the trial court found "that the imposition of consecutive sentences are necessary to protect the public from future crime or to punish this defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger that the defendant poses to the public." The trial found further that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct, and the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this offender."

{¶11} Finally, the trial court noted that the appellant was on post-release control at the time he committed the offenses. The court ordered that the appellant's post-release control be terminated and an additional 1 year be added to his sentence, to be served consecutively to the sentence imposed on the Domestic Violence, Abduction, and Intimidation charges. The trial court thereafter issued Entries documenting the sentences imposed.

{¶12} The appellant filed a timely appeal, and sets forth the following sole assignment of error:

{¶13} "I. THE TRIAL COURT'S SENTENCING WAS CONTRARY TO LAW."

{¶14} The appellant submits that the trial court erred in imposing sentence. We disagree, and affirm the decision of the trial court.

## STANDARD OF REVIEW

**{¶15}** An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 2016-Ohio-1002, ¶ 23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954). Thus, we may vacate or modify the appellant's sentence only if we find by clear and convincing evidence that the record does not support it.

**{¶16}** The Ohio Supreme Court spoke on the issue of consecutive sentences in *State v. Bonnell*, 2014-Ohio-3177, stating:

> On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id.* at ¶ 28. The issue was subsequently addressed by this Court in *State v. Corbett,* 2023-Ohio-556 (5th Dist.):

We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. In *State v. Gwynne*, a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18.

R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either* the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), *or* the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28; *Gwynne,* supra, ¶ 16.

Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

*Id.* at ¶24-26.

## ANALYSIS

{¶17} R.C. 2929.13(C) provides that "in determining whether to impose a prison term as a sanction for a felony of the third degree *** the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." The counts to which the appellant pleaded guilty in this case are all third-degree felonies.

{¶18} R.C. 2929.11 provides in pertinent part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

The trial court specifically stated during the sentencing hearing that it found the sentence imposed necessary to protect the public from future crime by the offender and punish the offender, and that the sentence was not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public.

{¶19} R.C. 2929.12 provides in pertinent part:

(A)     Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, ***

(B)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1)     The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2)     The victim of the offense suffered serious physical, psychological, or economic harm, including serious physical harm the victim caused to the victim's self, as a result of the offense.

*     *     *

(7)     The offender's relationship with the victim facilitated the offense.

\*       \*       \*

(10)    If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1)     The victim induced or facilitated the offense.

(2)     In committing the offense, the offender acted under strong provocation.

(3)     In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4)     There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D)     The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) Except as provided in division (G) of this section, the offender shows genuine remorse for the offense.

The trial court noted the physical and mental injuries suffered by the victim due to the appellant's conduct, and the victim's relationship with the appellant. The court also noted the appellant's history of criminal convictions, the fact that the appellant had failed to complete drug treatment programs in the past, and the fact that the appellant was on post-release control at the time the offenses were committed.

{¶20} R.C. 2929.14(A)(3)(b) provides that "[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." In this case, all the Counts to which the appellant pleaded guilty were third degree felonies, and the

appellant was not sentenced to more than 36 months in prison for any one of the offenses. Thus, the sentences were within the parameters established by R.C. 2929.14.

{¶21} Furthermore, R.C. 2020.14 specifically addresses the imposition of consecutive sentences at section (C)(4):

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> > (a)　　The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> >
> > (b)　　At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> >
> > (c)　　The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

This language was applied in *Corbett,* supra, in which this Court stated:

> "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Newman*, 5th Dist. Fairfield No. 20-CA-44, 2021-Ohio-2124, 2021 WL 2628079, ¶ 100, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

*Id.* at ¶28.

**{¶22}** The appellant argues that the trial court's imposition of consecutive sentences in this case is in contravention of Ohio law. We disagree. Our review of the record establishes that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences. The trial court specifically found that consecutive sentences were necessary to protect the public and punish the appellant, and were not disproportionate to the

seriousness of the appellant's conduct and the danger he posed to the public. The trial court noted the seriousness of the crimes committed, found that consecutive sentences were necessary to punish the appellant, and found that consecutive sentences were not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public.

{¶23} We are unpersuaded by the appellant's argument that the trial court's sentence constitutes an impermissible omnibus sentence. The Ohio Supreme Court addressed omnibus sentences in *State v. Saxon*, 2006-Ohio-1245:

Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. See R.C. 2929.11 through 2929.19. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively. See State v. Foster, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, paragraph seven of the syllabus, P100, 102, 105; R.C. 2929.12(A); State v. Mathis, 109 Ohio St.3d 54, 2006 Ohio 855, 846 N.E.2d 1, paragraph three of the syllabus. Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.

(Footnote omitted.) *Id.* at ¶ 9. *Saxon* was recently discussed by this Court in *State v. Mullins,* 2026-Ohio-2399 (5th Dist.):

> The Supreme Court of Ohio has explained that the "sentencing package doctrine" calls for federal district-court judges to "consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan." *State v. Saxon*, 109 Ohio St. 3d 176, 2006-Ohio-1245, ¶ 5, 846 N.E.2d 824. That doctrine, the Supreme Court tells us, does not apply to Ohio trial courts, where the Revised Code requires judges to consider each offense separately and to impose a separate sentence for each offense. *Id*. at ¶ 9 (an Ohio judge "lacks the authority to consider the offenses as a group" and is not permitted to impose an "omnibus sentence for the group of offenses"). Only after an Ohio trial judge has imposed a separate prison term for each offense may that judge then determine, at his or her discretion, whether the defendant should serve those prison terms concurrently or consecutively. *Id*.

*Id.* at ¶ 16. In this case, the trial court separately considered each charge, and imposed a separate prison term for each. The court thereafter determined if and how each of the sentences would be served; that is, the court made a determination that some of the sentences would be served concurrently, and some would be served consecutively, and finalized the appellant's sentence accordingly. The trial court did not impose a "sentence package" as argued by the appellant, and the court's sentence is not contrary to law.

{¶24} "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, supra, at ¶ 29. In the case sub judice, the record establishes that the trial court considered R.C. 2929.11 and 2929.12 in imposing

sentence upon the appellant, made the necessary findings pursuant to R.C. 2929.14(C)(4) at the sentencing hearing, and incorporated its findings into its sentencing entry. Furthermore, the court addressed each count in detail, and imposed a separate sentence for each count based upon its analysis of the nature and severity of each. The record supports the findings of the trial court, and the appellant's sentence should be upheld. We therefore find the appellant's sole assignment of error to be wholly without merit.

## CONCLUSION

{¶25} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Muskingum County Court of Common Pleas is hereby affirmed.

{¶26} Costs to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Gormley, J. concur.